IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RICHARD DAVID PETERSON, #127173 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv471 |
| GREGG COUNTY SHERIFF'S OFFICE | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Richard David Peterson, an inmate currently confined within the Gregg County Jail proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The cause of action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

For reasons explained below, the Court recommends that Plaintiff's lawsuit be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted.

**I. Peterson's Amended Complaint**

Peterson's amended complaint, (Dkt. #7), is the operative pleading in this lawsuit. An amended complaint entirely supersedes and takes the place of the original pleading. *Clark v. Tarrant County, Tex.*, 798 F.2d 736, 740 (5th Cir. 1986). He sues the Gregg County Sheriff's Office—claiming that it opened and held "all mail for past 3 years," (Dkt. #7, pg. 3). Specifically, Peterson maintains that he has been incarcerated since October 2020 and has "seen both the North and South Jails" gave his legal mail to other inmates—which is how "others know about all [his] legal documents as well."

He also states that the Office is "holding" mail "at days, weeks at a time"; Peterson insists that it is "not hard to do the math on how long it takes the mail to get here just from the postal

1

stamp date till the time/date we get it handed to us." *Id.* at pg. 6. Peterson further asserts that the mail is timely "sometimes," but "90% of the time they will hold both the legal and the church mail up to 4 months from the date stamped by the U.S. Postal Service." *Id*. He also states that he has had to tell family members that he has only received one letter from two years ago. Peterson seeks $10,000 in damages or a dismissal of his charges in Gregg County.

## II. Legal Standards

Under 28 U.S.C. § 1915A, a court shall review any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v, FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).  This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully.  *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions.  *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. Nov. 7, 2012) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).  Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement.  *Id*.

## III. Discussion and Analysis

The Court understands that Peterson alleges that Defendant Gregg County Sheriff's Office violated his constitutional right to access the court by holding and opening his mail. Inmates have the constitutional right to access legal materials, and jail officials may not deny inmates access to courts.  *See Clewis v. Hirsch*, 700 F. App'x 347, 348 (5th Cir. 2017) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)).  The Supreme Court has stated that the right encompasses no more than the ability of an inmate to prepare and transmit a *necessary* legal document to the court.  *Id*. (citing *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) (internal quotations and footnote omitted)); *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (explaining that the right "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.").

However, inmates must demonstrate an actual injury to demonstrate a violation of this right. *Lewis*, 518 U.S. at 351; *see also Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (explaining that the Supreme Court, in *Lewis*, "held that an inmate alleging denial of access to courts must demonstrate an actual injury stemming from defendants' unconstitutional conduct."). Similarly, a plaintiff claiming a denial of access to courts through mail tampering must show that his legal position has been prejudiced by the alleged mail tampering. *See Walker v. Navarro Cnty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993).

When examining whether a plaintiff has experienced "actual injury," the Supreme Court has provided examples of circumstances that might show a denial of access to court:

> [The prisoner] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered some arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Lewis*, 518 U.S. at 351; *see also McIntosh v. Thompson*, 463 F. App'x 259, 260-61 (5th Cir. 2012) (unpublished) ("Even if McIntosh's constitutional rights had been restricted, he failed to allege sufficiently that he suffered an injury in fact, which is required to state a claim for denial of meaningful access to courts.").

Importantly, the question is whether the plaintiff's "position as a litigant was prejudiced" as a direct result of the alleged denial. *See, e.g.*, *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (reasoning that "if Eason was pursuing a legal action which necessitated his use of the law library and access to the library was denied, this deprivation could represent a violation of his constitutional rights."); *Torres v. Bullock*, 2021 WL 2451326, at *4 (S.D. Tex. Apr. 6, 2021) ("In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an

actionable or nonfrivolous claim or was prevented from presenting such a claim because of the alleged denial.").

The Fifth Circuit explained that "[d]enial of access claims take one of two forms: forward-looking claims alleging 'that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time,' and backward-looking claims alleging that an official has 'caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief.'" *See Waller v. Hanlon*, 922 F.3d 590, 601 (5th Cir. 2019) (quoting *Christopher v. Harbury*, 536 U.S. 403, 417-18 (2002)).

Here, Peterson fails to show actual injury—namely, that his legal position was prejudiced by the alleged mail delay. *See Walker v. Navarro Cnty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993). While he complains that the Gregg County Sheriff's Office opens and holds his mail, he provides no specifics whatsoever. He fails to identify a specific piece of mail that was allegedly opened and/or held—and, more importantly, fails to explain how he was harmed. Merely stating that mail is held and that it is "not hard to do the math," without more, is insufficient to establish actual injury. *See Vinson v. Heckmann*, 940 F.2d 114, 115 (5th Cir. 1991) (explaining that in order to state a civil rights claim cognizable under section 1983, a plaintiff must allege facts to support his broad allegations).

Similarly, with respect to his family letters, Peterson merely states that he has only received one letter "from over two years ago." His allegations are devoid of specifics—which wholly fail to establish a connection to the named Defendant. In other words, Peterson's conclusory allegations do not demonstrate a constitutional violation. *See R.A.M. Al-Raid v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995). His lawsuit should be dismissed.

Peterson's lawsuit suffers an additional fundamental flaw: The Gregg County Sheriff's Office lacks jural existence. Under the Federal Rules of Civil Procedure, a party to a lawsuit must have the capacity to be sued.  Fed. R. Civ. P. 17(b).  A department of a local government entity must "enjoy a separate legal existence" to be subject to a lawsuit.  *See Darby v. Pasadena Police Dep't.*, 939 F.2d 311, 313 (5th Cir. 1991).

The Fifth Circuit has held that Texas law does not allow county or municipal police departments to be sued directly.  *Id*. at 313-14; *see also Crull v. City of New Braunfels, Tex.*, 267 F. App'x 338, 341-42 (5th Cir. 2008) (unpublished) ("Therefore, the Police Department is not a separate legal entity apart from the City and the district court did not err in dismissing the claims against the Police Department.").

Accordingly, Peterson's claims against the Gregg County Sheriff's Office should be dismissed. *See Darby*, 939 F.2d at 313; *see also Pogorzelski v. Dallas Police Dep't*, 2020 WL 5045673 *2 (N.D. Tex. Aug. 5, 2020 ("As judges of this Court have repeatedly recognized, the Dallas Police Department is not a jural entity subject to suit."); *Lane v. Athens Police Dep't.*, 2006 WL 1049966 at *3 (E.D. Tex. Mar. 24, 2006 ("While he does sue the Henderson County Jail, the jail is not a separate legal entity and cannot be sued in its own name.").  Peterson has failed to state a claim upon which relief may be granted, and his lawsuit should be dismissed. This dismissal would constitute a strike under the Prison Litigation Reform Act pursuant to 28 U.S.C. § 1915(g).

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff Peterson's lawsuit be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 31st day of October, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE